**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DELORES ARZAMENDI,** | **1:17-cv-01485-LJO-SKO** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 7.** |
| **v.** | |
| **WELLS FARGO BANK, N.A.,** | |
| **Defendant.** | |

## I. <u>PRELIMINARY STATEMENT TO PARTIES AND COUNSEL</u>

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

1

visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. <u>INTRODUCTION</u>

This action concerns Plaintiff Delores Arzamendi's case against Defendant Wells Fargo Bank, N.A., for damages and equitable relief. Plaintiff filed her complaint in the Superior Court of California in the County of Merced on October 3, 2017. ECF No. 1 at 9. On November 2, 2017, Defendant removed the case to this Court, asserting federal question and diversity jurisdiction. *Id*. at 1-2. On November 9, 2017, Defendant filed the instant motion to dismiss, as well as a request for judicial notice. ECF Nos. 7, 8. Plaintiff filed oppositions to the motion and the request for judicial notice on December 27, 2017. ECF Nos. 12, 13. On January 3, 2018, Defendant filed a reply. ECF No. 15. The Court took the matter under submission on the papers pursuant to Local Rule 230(g). ECF No. 17.

## III. <u>DEFENDANT'S REQUEST FOR JUDICIAL NOTICE</u>

Defendant requests that the Court take judicial notice of certain documents because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" under Federal Rule of Evidence 201(b)(2). ECF No. 8 at 1. The documents Defendant offers for notice are:

> Trustee's Deed Upon Sale for property located at 2050 E. Dunn Road, Merced, CA 95340, issued to Wells Fargo Bank, N.A. by Clear Recon Corp. on July 3, 2017, and recorded on July 13, 2017, in the Merced County Recorder's Office ("Exhibit A");
>
> A document titled "Certification of a Federal Savings Association Title Change" published by the U.S. Department of the Treasure, Office of the Comptroller of the Currency and certified by Thomas J. Curry, Comptroller of the Currency on January 7, 2013 ("Exhibit B"); and
>
> A document titled "Certificate of Authenticity" published by the U.S. Department of the Treasure, Office of the Comptroller of the Currency and certified by Thomas J. Curry, Comptroller of the Currency on January 7, 2013 ("Exhibit C")

ECF No. 8 at 2. Plaintiff opposes the request for judicial notice, arguing that while the existence of the above documents may be judicially noticeable, the truth of the facts contained within those documents is

not. ECF No. 13 at 2.

Generally, when evidence outside of the pleadings are presented in a motion to dismiss under Rule 12(b)(6), a court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). When, however, the evidence presented is a "matter[] of public record," the court may take judicial notice under Federal Rule of Evidence 201 without converting the Rule 12 motion into one for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008). Rule 201 provides, in pertinent part, that a judicially noticed fact must be one "not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice is appropriate for records and "reports of administrative bodies." *Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954).

The Court finds all three exhibits to be the proper subjects of judicial notice. Exhibit A is a deed of sale, and is a document recorded by the Merced County Recorder's Office. It is therefore a public record susceptible to judicial notice. *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting authorities supporting judicial notice of a deed of trust and similar recording documents). Exhibit B and C are documents produced by the Comptroller of the Currency certifying the title change of World Savings Bank, FSB, to Wachovia Mortgage, FSB, and the conversion of Wachovia Mortgage, FSB, to a national bank with the title of Wells Fargo Bank Southwest, National Association, and the merger of that entity into Wells Fargo Bank, National Association, respectively. These are documents issued by federal agencies, and they are "not subject to reasonable dispute" because the facts contained can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See Grant*, 736 F. Supp. 2d at 1265 (taking judicial notice of documents regarding incorporation and conversion of an entity to an LLC).

# IV. FACTUAL BACKGROUND

The following facts are drawn from Plaintiff's complaint in this matter, and are accepted as true only for the purpose of this motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff, a resident of Merced County in California, on or about December 14, 2004, executed a mortgage consisting of a promissory note ("Note") secured by a deed of trust ("DoT"), in order to purchase residential property at 2050 E. Dunn Road in Merced (the "Subject Property"). ECF No. 1 at 9; 13 ¶ 9. Plaintiff was 74 years of age at that time. *Id*. at 16 ¶ 30. The lender listed in the DoT was World Savings Bank, while Golden West Savings Association was listed as the trustee. *Id*. at 14-15 ¶¶ 20, 24. The transaction was "table-funded"[1] by a source other than the lender. *Id*. at 13 ¶¶ 10-12. The DoT was recorded in the Merced County Recorder's Office on December 23, 2004. *Id*. at 14 ¶ 18. World Savings Bank retained only the service rights to the mortgage because the loan was securitized. *Id*. at 14 ¶ 21.

The terms of the mortgage provided that the payment amount would increase every two weeks. *Id*. at 15 ¶ 28. After making payments for some time, Plaintiff concluded that she would not be able to repay the mortgage and sought relief through a reverse mortgage, but Defendant rejected the arrangement. *Id*. at 16 ¶¶ 29, 37. Defendant told Plaintiff that, to be considered for a loan modification, the loan would need to be in default. *Id*. at 16 ¶ 33. Plaintiff did not make one or more payments, and the loan went into foreclosure status. *Id*. at 16 ¶¶ 34-35. A loan modification did not occur. *Id*. at 16 ¶ 37. On July 3, 2017, Clear Recon Corporation, a trustee under the DoT, issued and recorded a Trustee's Deed Upon Sale for the Subject Property and pursuant to the DoT. ECF No. 8, Exhibit A. Plaintiff

---

[1] The Ninth Circuit has explained that:

> "Table-funding" is defined as a "settlement at which a loan is funded by a contemporaneous advance of loan funds and an assignment of the loan to the person advancing the funds." *See, e.g.,* 24 C.F.R. § 3500.2. In a table-funded loan, the originator closes the loan in its own name, but is acting as an intermediary for the true lender, which assumed the financial risk of the transaction. The timing of the assignment is therefore sometimes pivotal in determining whether a residential mortgage loan is table-funded because the determinative question is who bears the risk of the transaction.

*Easter v. Am. W. Fin.*, 381 F.3d 948, 955 (9th Cir. 2004) (footnote omitted).

suffered severe depression, trauma, hospital and doctor visits, and anxiety requiring prescription medication as a result of the foreclosure process. [2] ECF No. 1 at 16 ¶ 31.

Plaintiff alleges seven causes of action in her complaint: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641; (2) violation of California's Rosenthal Act, Cal. Civ. Code § 1788.1; (3) violation of California's Unfair Competition law, Cal. Bus. & Prof. Code § 17200 *et seq.*; (4) cancellation of the DoT, and instruments referred to as Substitution of Trustee ("SoT"), Notice of Default ("NoD"), and Notice of Trustee's Sale ("NoTS"); (5) negligence; (6) elder abuse in violation of California Civil Code § 1575, and; (7) violation of the Elder Abuse/Dependent Adult Civil Protection Act, Cal. Welfare & Inst. Code §§ 15600-15610.65 and 15657-15657.5. ECF No. 1 at 17-31. In addition to cancellation of the DoT, SoT, NoD, the NoTS, and Trustee's Deed Upon Sale, Plaintiff seeks general, special, punitive, and exemplary damages, and interest, costs and fees. *Id.* at 32.

## V. <u>STANDARD OF DECISION</u>

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

---

[2] Plaintiff alleges that "Defendant is now ready and poised to foreclose on Plaintiff's rights," but not that Defendant has actually foreclosed on the Subject Property. ECF No. 1 at 37. The judicially noticed Trustee's Deed Upon Sale, however, indicates that foreclosure did take place prior to the date Plaintiff filed her complaint.

which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id*. at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## VI. <u>ANALYSIS</u>

### A.    <u>Table-Funding</u>

Plaintiff's central contention in this matter is that the use of table-funding in the mortgage invalidated the DoT. Plaintiff alleges that an unknown entity, rather than World Savings Bank, provided table-funding for the promissory note and that World Savings Bank, acting as a broker, was listed falsely in the DoT as the lender. ECF No. 1 at 13-14 ¶¶ 10-17. Plaintiff contends that the table-funding of a residential property mortgage by a loan broker is unlawful under California Business and Professions Code § 10234(d). *Id*. at 14 ¶ 14. Therefore, the DoT was void as an illegal contract, and Defendant's

recourse to foreclosure proceedings was unlawful. *Id*. at 15 ¶¶ 22, 26. Defendant argues that § 10234 applies only to real estate licensees, the definition of which does not include federal banks such as World Savings Bank. ECF No. 7 at 11. In reply, Plaintiff asserts that "the National Banking Act specifically exempts from preemption . . . state laws regulating title to land and contracts."[3] ECF No. 12 at 4.

The proposition that, in California, a table-funded mortgage, or the DoT in such a mortgage, is invalid has been rejected by courts. Where a lender is identified in the lending documents, a DoT is valid notwithstanding that the loan is ultimately funded by a third party. *Newman v. Bank of New York Mellon*, Case No. 1:12-CV-1629 AWI MJS, 2017 WL 4325772, at *5 (E.D. Cal. Sept. 29, 2017) (collecting cases). Moreover, Defendant correctly argues World Savings Bank, the original broker, was not subject to California Business & Professions Code § 10234, which applies only to real estate licensees. Cal. Bus. & Prof. Code § 10234(a) ("[E]very real estate licensee who negotiates a loan secured by a trust deed on real property shall cause the trust deed to be recorded . . . ."). A "real estate licensee," under California law, is "a person, whether broker or salesperson, licensed under [the California Business and Professions Code]." Cal. Bus. & Prof. Code § 10014. A broker in the real estate context is one who "[s]olicits borrowers or lenders for or negotiates loans or collects payments or performs services for borrowers or lenders or note owners in connection with loans secured directly or collaterally by liens on real property or on a business opportunity." Cal. Bus. & Prof. Code § 10131(d).

Federal banks are explicitly excluded from the definition of "real estate licensee" and the requirements of § 10234. Cal. Bus. & Prof. Code § 10133.1(a)(1)-(8) (Section 10131(d) and California Business and Professions Code §§ 10230-10236.7, do not apply to "[a]ny person or employee thereof doing business under any law of . . . the United States relating to banks . . . [or a]ny person authorized in writing by a savings institution to act as an agent of that institution.") World Savings Bank was a federal

---

[3] Though Plaintiff did not provide a citation for the "National Banking Act," based on the context and accompanying citations the Court understands Plaintiff to refer to the National Bank Act of 1864. 12 U.S.C. § 1 *et seq*.

savings bank at the time the mortgage was created. *See* ECF No. 8, Exhibit B. § 10234 is one of the code sections identified in § 10133.1. Therefore, § 10234 did not apply to World Savings Bank, even if Plaintiff was correct in alleging that table-funding a loan would invalidate a DoT under § 10234.

Plaintiff's arguments regarding the National Banking Act and non-preemption are unavailing, as federal banks are exempt from §10234 under California state law, not federal law. The National Bank Act and federal banking regulations are not relevant to Plaintiff's claim here. Therefore, Plaintiff's claims that are predicated on the invalidity of the DoT due to table-funding fail as a matter of law.

## B. Failure to Notice or Record Assignment

Plaintiff also takes issue with the lack of notice provided to her for what she describes as the transfer of her mortgage from World Saving Bank to Defendant, and contends that the NoTS is invalid because no conveyance from World Saving Bank to Defendant was recorded.[4] ECF No. 1 at 26 ¶¶ 96-101. This argument is based on a legal misunderstanding. World Savings Bank changed its name to Wachovia Mortgage, then merged with Wells Fargo. ECF No. 8, Exhibits B, C. Wells Fargo is the successor organization of World Savings Bank, and stands in the shoes of that entity. *Catherine v. Wells Fargo Bank, NA*, No. 2:16-cv-0878 MCE CKD PS, 2016 WL 3981141, at *2 n. 1 (E.D. Cal. Jul. 25, 2016). Under California law, the surviving entity in a merger acquires "all the rights and property" of the other merging entity "without other transfer." Cal. Corp. Code § 1107(a). Therefore, the successor-in-interest takes over any existing loans and is not required to convey or assign a deed of trust. *See Cearley v. Wells Fargo Bank*, No. 2:150cv0353-MCE-EFB PS, 2017 WL 693653, at *3 (E.D. Cal. Feb. 22, 2017). Additionally, California law does not require that an assignment be recorded in order for an assignee beneficiary to foreclose on a property. *Parcray v. Shea Mort., Inc.*, No. CV-F-09-1942 OWW/GSA, 2010 WL 1659369, at *11 (E.D. Cal. Apr. 23, 2010). Upon its merger with World Saving

---

[4] To the extent that Plaintiff alleges that Defendant is not the successor-in-interest to World Savings Bank, that allegation need not be taken as true. When ruling on a motion to dismiss, a court need not accept as true allegations that "contradict exhibits attached to the Complaint or matters properly subject to judicial notice." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Defendant's status as successor-in-interest to World Savings Bank is apparent on the face of Exhibits B and C, which the Court has found are properly subject to judicial notice.

Bank, Wells Fargo assumed the status of beneficiary under the mortgage at issue here. *See Cearley*, 2010 WL 693653, at *3 ("Thus, by merging with World Savings, Wells Fargo became the beneficiary under the note and deed of trust.") Therefore, no assignment of the DoT was required, and Plaintiff's claims premised on lack of notice or failure to record that assignment fail as a matter of law.

**C.   TILA**

Plaintiff alleges that Defendant violated the TILA by failing to provide written notification to the borrower of the transfer of a residential mortgage to a new owner within 30 days of the transfer. ECF No. 1 at 17 ¶¶ 40-47. Plaintiff asserts that the mortgage transferred from the Originator to Defendant, triggering the notification requirement of 15 U.S.C. § 1641(g), and that Plaintiff never received any notification from Defendant. *Id*. Defendant argues that Plaintiff's claim is time barred, as an action for violation of the TILA is subject to a one year statute of limitations. ECF No. 7 at 12. Additionally, Defendant argues, Plaintiff has not established that her claim is subject to equitable tolling, and has failed to plead any facts showing that she detrimentally relied on the belief that World Savings Bank held her loan. *Id*. at 12-13. Plaintiff replies that the facts as alleged in her complaint make a sufficient showing to justify equitable tolling of the TILA statute of limitations, and that at a minimum she should be granted leave to amend her claim. ECF No. 12 at 7-9.

The declared purpose of the TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Consequently, TILA mandates that creditors provide borrowers with clear and accurate disclosures of borrowers' rights, finance charges, the amount financed, and the annual percentage rate. *See, e.g.*, 15 U.S.C. §§ 1632, 1635, 1638.

15 U.S.C. § 1635(a) provides that in the case of a consumer credit transaction in which the creditor acquires a security interest in property to be used as the principal residence of the obligor, the obligor "shall have the right to rescind the transaction until midnight of the third business day following

the consummation of the transaction or the delivery of the information or rescission forms." An obligor who exercises their right to rescind "is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon rescission." *Id*. at § 1635(b). However, where the required forms and disclosures have not been delivered to the obligor, 15 U.S.C. § 1635(f) provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." The expiration of the three year statute of repose deprives a court of subject matter jurisdiction to order rescission. *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).

To exercise the right to rescind, the obligor must "notify the creditor of the rescission by mail, telegram, or other means of written communication." 12 C.F.R. § 226.23(a)(2). Notice is deemed effective "when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business." *Id*. Within 20 days of receiving notice of rescission, "the creditor shall return to the obligor any money or property given as earnest money, down-payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." *Id*. at § 226.23(d). The borrower's right to rescind applies equally against the original creditor and subsequent assignees. 15 U.S.C. § 1641(c).

The TILA provides that "any action under [§ 1640] . . . may be brought within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The right to rescind an agreement under TILA expires three days after the sale is consummated, or three years if the disclosures required by TILA are incomplete. 15 U.S.C. §§ 1635(a), (f).

The underlying TILA claim Plaintiff asserts here is one for damages. A TILA damages claim must proceed "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitations period runs from the date of a transaction's consummation, which is the time that a consumer becomes contractually obligated. *Monaco v. Bear Stearns Residential Mort. Corp.*, 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008). Plaintiff consummated her loan in December 2004, and filed her

complaint in October 2017, well outside of the one year period.

Plaintiff alleges violations of 15 U.S.C. § 1641(g), which provides in part that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrow in writing of such transfer." 15 U.S.C. § 1641(g)(1). Plaintiff's contention, that § 1641(g) was violated when she was not provided notice of the transfer of her debt first to Wachovia Bank, and then to Wells Fargo, is contrary to the judicially noticed fact that Defendant is a successor-in-interest to World Savings Bank. As explained above, as Defendant succeeded to World Savings Banks's rights with regard to the mortgage, there was no transfer or assignment to a third party. When there is no sale or transfer of a loan, but only a merger, and therefore no assignment, notification under § 1641(g) is not needed. *See Kaping v. Barrett Daffin Frappier Treder & Weiss, LLP*, No. 2:17-cv-00697-JAM-CKS PS, 2017 WL 2505194, at *5 (E.D. Cal. Jun. 9, 2017); *Fink v. Wells Fargo Bank, N.A.*, Case No. 15-cv-0001-YGR, 2015 WL 2438120, at *5 (N.D. Cal. May 21, 2015). There is therefore no cognizable claim that § 1641(g) was violated here. Since Plaintiff's claim is predicated on the assumption that the procession of her mortgage from World Savings Bank to Defendant required notice under the TILA, amendment of her claim would be futile and accordingly is the DISMISSED WITHOUT LEAVE TO AMEND.

**D.    Rosenthal Act**

The Rosenthal Act, Cal. Civ. Code § 1788 *et seq.*, is California's version of the Fair Debt Collection Practices Act ("FDCPA"). *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Id.* at 1100. Accordingly, "whether [conduct] violates the Rosenthal Act turns on whether it violates the FDCPA." *Id*.

Plaintiff alleges that Defendant acted as a debt collector in connection with the mortgage, and was therefore subject to the Rosenthal Act. ECF No. 1 at 18-19 ¶¶ 49-51. Plaintiff alleges Defendant violated the Rosenthal Act by employing false, deceptive, or misleading representations and unfair or

unconscionable means in attempting to collect on the loan by falsely claiming that the mortgage was secured or that the Subject Property was subject to foreclosure, threatening to foreclose on the Subject Property, and filing a NoD against the Subject Property. *Id.* at 19 ¶ 53.

Defendant argues that, to the extent Plaintiff's Rosenthal Act claim is based on violations of § 1692e of the FDCPA, 15 U.S.C. § 1692e, Defendant is exempt as it was acting to enforce a security interest which it owns. ECF No. 7 at 14. To the extent Plaintiff is alleging a violation of 15 U.S.C. 1692f(6), Defendant argues that Plaintiff has not pled a factual or legal basis upon which a court can conclude that Defendant is not the beneficiary of the mortgage or lacked the authority to enforce its interest under the DoT. *Id.*

15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation in connection with the collection of any debt," while 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Both sections are applicable only to entities which satisfy the FDCPA's definition of a "debt collector," which is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects of attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from the definition of debt collector is "any person collecting or attempting to collect any debt owed or due to another to the extent such activity . . . concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor." 15 U.S.C. § 1692a(6)(F).

The judicially noticed Exhibits B and C indicate that Defendant is the successor-in-interest to World Savings Bank, a fact which other courts have observed. *See, e.g.*, *Kaping*, 2017 WL 2505194, at *2. As explained previously, Defendant stands in the place of World Savings Bank, the originator of the mortgage at issue here. The FDCPA does not govern creditors collecting their own debts. 15 U.S.C. § 1692a(6). Moreover, the term debt collector as used in the FDCPA explicitly does not include the

originator of the debt being collected. 15 U.S.C. § 1692a(6)(F). As alleged by Plaintiff, the initial loan was originated by World Savings Bank. Thus, as World Savings Bank's successor-in-interest, Defendant is exempt from § 1692e of the FDCPA and, by extension, from a Rosenthal Act claim premised on violation of that section. Moreover, recording a NoD and initiating a non-judicial foreclosure are not debt collection actions under the FDCPA. *See Vien-Phuong Thi Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 573 (9th Cir. 2017) (holding that an entity does not become a debt collector when its only role in the debt collection process is enforcing a security interest). Since Defendant is not a debt collector under the FDCPA, and Plaintiff has not advanced any reason why the Rosenthal Act should otherwise apply to Defendant, Plaintiff's Rosenthal Act claim fails. As Plaintiff's claim fails as a matter of law, and amendment would be futile, Plaintiff's claim is DISMISSED WITHOUT LEAVE TO AMEND.

**E.    Unlawful Business Practices**

Plaintiff alleges that Defendants violated California's Unfair Competition Law ("UCL")by engaging in "unlawful, unfair or fraudulent business act[s] or practice[s]" under California Business & Professions Code § 17200. ECF No. 1 at 19-20 ¶¶ 56-57. Specifically, Plaintiff alleges that the table-funding of her mortgage was an unlawful business practice under California Business and Professions Code § 10234(a), that recording a void DoT was unlawful under California Penal Code § 115.5 and § 532, and that recording the DoT slandered her title to the Subject Property. ECF No. 1 at 20 ¶¶ 58-60. Plaintiff also alleges that Defendant subjected her to duress and menace by using coercive and high pressure tactics in threatening to foreclose on the Subject Property. *Id*. at 22 ¶ 70. Defendant argues that Plaintiff's UCL claims are derivative of legal theories presented elsewhere in the complaint, and constitute attempts to plead around otherwise deficient causes of action. ECF No. 7 at 15. Plaintiff argues in opposition that her complaint sufficiently alleges that Defendant's foreclosure documents were improperly executed. ECF No. 12 at 14.

"Unfair competition is defined to include 'unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal. 3d 311, 329 (1985)

(quoting Cal. Bus. & Prof. Code, § 17200). The UCL establishes that unfair competition consists of "acts or practices which are unlawful, or unfair, or fraudulent." *Shvarts v. Budget Group, Inc.*, 81 Cal. App. 4th 1153, 1157 (2000). "A plaintiff alleging unfair business practices under [the UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).

As a preliminary matter, any action for unfair competition or unlawful business practices in violation of § 17200 "shall be commenced within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208. Therefore, since the alleged table-funding and recording of the loan and DoT took place on December 14 and 23, 2004, the statute of limitations had run by December 23, 2008, and Plaintiff's claims based on those actions are time barred and are DISMISSED WITHOUT LEAVE TO AMEND.

Plaintiff's unfair competition claims against Defendant relating to the allegedly false declaration and the NoD also fail. As explained previously, Plaintiff's allegations that the NoD and NoTS were unlawful are based on a spurious argument that table-funding rendered the DoT void and that Defendant lacked the authority to foreclose. Therefore, Plaintiff's claims that these actions were in violation of California Penal Code § 115.5 and § 532 fails. The UCL "does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999)). Since Plaintiff's claim that Defendant's actions were in violation of § 10234 fails, she cannot bring the same claim through an action for unfair competition. Accordingly, Plaintiff's claims for unfair competition are DISMISSED WITHOUT LEAVE TO AMEND.

## F.    Cancellation of Instruments

Plaintiff alleges that the DoT should be cancelled as void upon creation, because the loan was table-funded. ECF No. 1 at 24 ¶¶ 79-84. Plaintiff also seeks cancellation of the SoT, the NoD, and the

NoTS because Defendant was not a party to the DoT. *Id*. at 24-26, ¶¶ 85-101. Defendant argues that Plaintiff's claim seeking cancellation of the DoT is time barred, and also that Plaintiff has not alleged a cognizable basis for cancellation of the instruments. ECF No. 7 at 15. Additionally, Defendant argues that Plaintiff has not tendered return of the loan amount, or alleged any ability or willingness to make such tender. *Id*. at 16. Defendant asserts that Plaintiff has not alleged any basis on which the SoT, the NoD, or the NoTS may be found invalid. *Id*. Plaintiff argues in response that the DoT failed to attach to the mortgage, and the NoD, the NoTS and the Trustee's Deed Upon Sale were executed improperly. ECF No. 12 at 10.

As explained above, Plaintiff has not alleged a basis to conclude that the DoT was void because of a violation of California Business and Professions Code § 10234. Defendant is the successor-in-interest to World Savings Bank, which Plaintiff alleges was a party to the DoT. Therefore, Defendant stands in the shoes of World Savings Bank regarding the DoT. Accordingly, the Court finds that Plaintiff has not alleged a basis upon which to cancel the aforementioned instruments. Plaintiff's claim for cancellation of instruments is DENIED WITHOUT LEAVE TO AMEND.

**G.    Negligence**

Plaintiff alleges that Defendant had, and breached, a duty to abstain from unlawfully using Plaintiff's personal information under California Penal Code § 530.5. ECF No. 1 at 26 ¶ 103. Plaintiff also alleges that Defendant breached a duty to follow California law by conducting an illegal and unauthorized judicial foreclosure. *Id*. at 27 ¶ 104. Defendant argues that Plaintiff has not alleged any facts to support her contention that Defendant used Plaintiff's personal information or executed a SoT, NoD, NoTS or Trustee's Deed Upon Sale. ECF No. 7 at 16. Additionally, Defendant contends that it was not under any duty of care toward Plaintiff because a financial institution or loan servicer does not owe a duty of care to a borrower. *Id*. at 16-17. Plaintiff replies that Defendant was an unsecured lender and therefore owed Plaintiff a duty not to act as a secured lender. ECF No. 12 at 11.

Under California law, the elements of negligence are (1) a legal duty to use due care; (2) a

breach of that legal duty; and (3) the breach as the proximate or legal cause of a resulting injury. *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 834 (1992). As a general rule, California loan servicers or financial institutions do not owe a fiduciary duty to a borrower when the relevant conduct is limited to the typical conduct of a lender. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) ("However, as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); *Marks v. Ocwen Loan Servicing*, No. C 07-2133 SI, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009). Plaintiff has not alleged any facts indicating that Defendant acted beyond the "conventional role" of a mortgage lender. Also, as previously explained, executing, filing, and recording the SoT, NoD, NoTS, and Trustee's Deed Upon Sale was not in violation of the California Business and Professions Code, and the DoT was not invalid when recorded. Plaintiff has therefore not alleged plausible facts establishing that Defendant violated any duty to follow the law and Plaintiff has failed to state a claim of negligence. It is not apparent that Plaintiff could plead facts which would salvage this negligence claim, and it is therefore DISMISSED WITHOUT LEAVE TO AMEND.

**H.    Undue Influence[5]**

Plaintiff alleges that Defendant, holding an apparent but false authority as a creditor, used that authority to obtain an unfair advantage over Plaintiff by failing to apply payments and instructing Plaintiff to default on her payments for the purpose of executing the NoD. ECF No. 1 at ¶ 110. Plaintiff implies that California Civil Code § 1575 creates a cause of action for undue influence, and that Defendant's aforementioned conduct falls under this section. Defendant argues that undue influence under § 1575 describes a defense to contract formation. ECF No. 7 at 17. Defendant is correct. The undue influence described in § 1575 is a ground for recission of a contract due to a lack of free consent

---

[5] Plaintiff titles this cause of action as "Elder abuse under California Civil Code § 1575," but the legal basis alleged does not involve elder abuse. ECF No. 1 at

to the agreement. *See* Cal. Civ. Code §§ 1566 ("A consent which is not free . . . may be rescinded by the parties . . . ."), 1567 ("An apparent consent is not real or free when obtained through: . . . Undue influence . . . ."). Section 1575 does not create an independent cause of action for actions taken due to the undue influence of one person on another. Plaintiff cannot bring an action for damages based solely on § 1575. Plaintiff has not alleged the existence of any specific contract to which her consent was negated by undue influence. Rather, Plaintiff's allegations of undue influence concern Defendant's actions in inducing Plaintiff to default on her loan payments, which do not constitute the formation of a contract. Plaintiff cannot state a claim under §1575. Since Plaintiff's undue influence claim could not be saved by alleging new facts, amendment is futile and the claim is DISMISSED WITHOUT LEAVE TO AMEND.

## I.  **Elder Financial Abuse**

Plaintiff alleges that Defendant committed elder abuse by deceptively directing Plaintiff to default on her mortgage, failing to apply payments to the loan principal and interest, and harassing and intimidating Plaintiff in order to obtain the Subject Property. ECF No. 1 at 28-31 ¶¶ 112-24. She alleges those acts violated the Elder Abuse and Dependent Adult Civil Protection Act and caused Plaintiff to risk deprivation of the Subject Property. *Id*. Plaintiff alleges Defendant also breached duties to adhere to covenants in the DoT, including a duty to refrain from inducing financial default and a duty to give Plaintiff 30 days written notice of an adverse action. *Id*. Defendant argues that it was entitled to assert its contractual rights by initiating foreclosure proceedings after Plaintiff failed to pay her mortgage. ECF No. 7 at 18. Plaintiff contends that she alleged sufficient facts to support her claim of elder abuse. ECF No. 12 at 15.

The California Legislature enacted the Elder Abuse and Dependent Adult Civil Protection Act ("the Act"), Cal. Welfare & Inst. Code §§ 15600-15675, "to protect elders by providing enhanced remedies which encourage private, civil enforcement of laws against elder abuse and neglect. *Negrete v. Fid. & Guar. Life Ins. Co.*, 444 F. Supp. 2d 998, 1001 (C.D. Cal. 2006). An "elder," for the purposes of

the Act, is a person of 65 years of age or older. Cal. Welfare & Inst. Code § 15610.27. Elder abuse includes financial abuse of an elder, which occurs when a person or entity:

> (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.
> (2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.
> (3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 15610.70.

Cal. Welfare & Inst. Code § 15610.30(a). A taking is "wrongful" if "the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult." Cal. Welfare & Inst. Code § 15610.30(b). "[A] person or entity takes, secretes, appropriates, obtains, or retains real or personal property when an elder or dependent adult is deprived of any property right." Cal. Welfare & Inst. Code § 15610.30(c).

In the context of commercial lending, California courts have found that "[i]t is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid." *Sierra-Bay Fed. Land Bank Ass'n v. Superior Ct.of San Joaquin Cnty.*, 227 Cal. App. 3d 318, 334-35 (1991). "[T]he power to record a notice of default is given not only to the trustee but also the beneficiary pursuant to the California Civil Code." *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1018 (N.D. Cal. 2009) (citing Cal. Civ. Code § 2924(a)(1)). California also recognizes a "litigation privilege," codified at California Civil Code § 47(b), which provides in pertinent part that "[a] privileged publication or broadcast is one made . . . [i]n any . . . judicial proceeding." "The usual formulation is that the [litigation] privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). The privilege "is not limited to statements made during a trial or other

proceedings, but may extend to steps taken prior thereto, or afterwards." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006). While initially designed to limit potential liability for defamation, the litigation privilege has been extended to apply to other torts. *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1241-42 (2007). The privilege is "absolute and applies regardless of malice." *Jacob B. v. Cnty. of Shasta*, 40 Cal. 4th 948, 955-56 (2007). A commercial lender may not be subject to tort liability for legitimate assertions of its contractual rights. *Sierra-Bay Fed. Land Bank Ass'n*, 227 Cal. App. 3d at 334-35.

Plaintiff is an elder under the Act as she was more than 65 years at all relevant times. Plaintiff's complaint does not allege sufficient facts, however, to state a claim that Defendant's actions constitute elder abuse.

Plaintiff alleges elder financial abuse as a result of Defendant's causing Plaintiff to default on her loan by instructing her to stop making loan payments against her best interests, and using the promise of a loan modification, which never materialized, to do so. ECF No. 1 at 16 ¶¶ 33-34, 37; 29 ¶ 114. To the extent that Plaintiff is alleging that Defendant purposefully caused her to default on the mortgage, Plaintiff's claim sounds in fraud and must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See Shumake v. Caliber Home Loans, Inc.*, Case No. CV16-4296-CAS(AGRx), 2017 WL 1362681, at *9 (C.D. Cal. Jan. 6, 2017); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action.").

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The circumstances of the conduct constituting fraud are stated with particularity when they are sufficiently identified "so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973). A plaintiff alleging fraud must include "the who, what, when, where, and how of the misconduct charged, including what is

false or misleading about a statement, and why it is false." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (internal citations and quotation marks omitted). Allegations of fraud should include, at the minimum, "statements of the time, place and nature of the alleged fraudulent activities." *Wool v. Tandem Computers Inc*, 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds as stated in Flood v. Miller*, 35 Fed App'x 701, 703 n. 3 (9th Cir. 2002).

Plaintiff's complaint does not meet the Rule 9(b) particularity standard. Regarding the allegedly fraudulent statement or inducement, Plaintiff alleges that she "had never defaulted on her obligation until Defendant directed her, verbally, that she had to be in default in order to be considered for a loan modification. Plaintiff substantially relied upon Defendant's directions given by a representative of Defendant and did not make a payment in 2014." ECF No. 1 at 16, ¶¶ 33-34. While this may, loosely, describe the nature of the allegedly fraudulent conduct, it does not set forth the time and manner in which the statements were made, nor does it specify the person who made the statements other than in the very vaguest sense. The alleged fraud is not described with sufficient specificity for Defendant to prepare an adequate answer, and Plaintiff's complaint therefore fails to meet the Rule 9(b) pleading standard and state a claim for fraud.

Plaintiff also alleges that Defendant committed elder financial abuse by "secreting the fact that [Defendant was] not applying the tendered amounts that Plaintiff delivered timely to Defendant(s) [sic]" and that "Defendant(s) did have a duty to . . . apply all tendered payments may by Plaintiff to principle [sic] and interest as called for in the contract." ECF No. 1 at 29-30 ¶¶ 114, 115. Plaintiff has not alleged elsewhere in the complaint any facts which support her claim that Defendant failed to apply her payments to the loan. The quoted recitation is not sufficient to state a claim, as it is no more than a conclusory statement. Similarly, Plaintiff has not pled any facts to support her contention that Defendant had and breached a duty to give Plaintiff 30 days notice of any adverse action, and has failed to state a claim on that basis.

Plaintiff could plausibly allege sufficient facts to satisfy the Rule 9(b) particularity requirement

and to support her contentions related to covenants in the DoT or Defendant's duty to give notice.

Accordingly, her elder financial abuse claim is DISMISSED WITH LEAVE TO AMEND.

### VII. CONCLUSION AND ORDER

Defendant's motion to dismiss is GRANTED. Plaintiff's claims numbers 1-6 are DISMISSED WITHOUT LEAVE TO AMEND. Plaintiff's claim number 7 is DISMISSED WITH LEAVE TO AMEND. Any amended complaint shall be filed within 30 days.

IT IS SO ORDERED.

Dated: __**March 8, 2018**__ _____**/s/ Lawrence J. O'Neill**_____
UNITED STATES CHIEF DISTRICT JUDGE