# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DELORES ARZAMENDI,** | **1:17-cv-01485-LJO-SKO** |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS (ECF No. 26)** |
| v. | |
| **WELLS FARGO BANK, N.A.,** | |
| Defendant. | |

## I. INTRODUCTION

This action concerns *pro se* Plaintiff Delores Arzamendi's case against Defendant Wells Fargo Bank, N.A., for damages and equitable relief. Plaintiff filed her complaint in the Superior Court of California in the County of Merced on October 3, 2017. ECF No. 1 at 9. On November 2, 2017, Defendant removed the case to this Court, asserting federal question and diversity jurisdiction. *Id*. at 1-2. On March 8, 2018, the Court dismissed Plaintiff's complaint with leave to amend only as to her claim for elder financial abuse. ECF No. 21. Plaintiff filed a first amended complaint ("FAC") on April 4, 2018. ECF No. 22. On April 25, 2018, Defendant moved to dismiss the FAC. ECF No. 26. Plaintiff filed an opposition on May 25, 2018. ECF No. 33. Defendant filed a reply on June 6, 2018. ECF No. 34. The Court took the motion under submission on the papers pursuant to Local Rule 230(g) on June 7, 2018. ECF No. 36.

## II. DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Defendant requests that the Court take judicial notice of certain documents because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" under

Federal Rule of Evidence 201(b)(2). ECF No. 27 at 1. The documents Defendant offers for notice are:

> A 19-page First Deed of Trust for property located at 2050 E. Dunn Road, Merced, CA 95340, between Borrower Delores Arzamendi and Lender World Savings Bank, FSB, and recorded on December 23, 2004, in the Merced County Recorder's Office ("Exhibit A"); and
>
> A 3-page Trustee's Deed Upon Sale for property located at 2050 E. Dunn Road, Merced, CA 95340, issued to Wells Fargo Bank, N.A. by Clear Recon Corp. on July 3, 2017, and recorded on July 14, 2017, in the Merced County Recorder's Office ("Exhibit B").

ECF No. 27 at 2. Plaintiff opposes the request for judicial notice, arguing that while the existence of the above documents may be judicially noticeable, the truth of the facts contained within those documents is not, and that she has placed the facts contained within the documents submitted for notice in dispute. ECF No. 33 at 15-20.

Generally, when evidence outside of the pleadings are presented in a motion to dismiss under Rule 12(b)(6), a court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). When, however, the evidence presented is a "matter[] of public record," the court may take judicial notice under Federal Rule of Evidence 201 without converting the Rule 12 motion into one for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008). Rule 201 provides, in pertinent part, that a judicially noticed fact must be one "not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice is appropriate for records and "reports of administrative bodies." *Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954).

The Court finds all three exhibits to be the proper subjects of judicial notice. Exhibit A is a deed of trust, and is a document recorded by the Merced County Recorder's Office. Exhibit B is a trustee's deed of sale, and is also recorded by the Merced County Recorder's Office. Both are therefore public records susceptible to judicial notice. *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting authorities supporting judicial notice of a deed of trust and similar recording

documents). Plaintiff's objections are not a bar to judicially noticing these documents for the straightforward reason that records subject to judicial notice may be considered only for their existence and content, not for the truth of the material contained within the record. *Coal. for a Sustainable Delta v. Fed. Emergency Mgmt. Agency*, 812 F. Supp. 2d 1089, 1093 (E.D. Cal. 2011) ("Public records are subject to judicial notice under Rule 201 to prove their existence and content, but not for the truth of the matters asserted therein.") (internal quotation omitted).

### III. **FACTUAL BACKGROUND**

The following facts are drawn from Plaintiff's FAC in this matter, and are accepted as true only for the purpose of this motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff, a resident of Merced County in California, on or about December 14, 2004, executed a mortgage consisting of a promissory note ("Note") secured by a deed of trust ("DoT"), in order to purchase residential property at 2050 E. Dunn Road in Merced (the "Subject Property"). ECF No. 22 at 2, ¶ 1. Plaintiff was described in the Note as Borrower, and as Trustor in the DoT. *Id*. at ¶ 4. Golden West Savings Association was described as Trustee in the DoT. *Id*. at 4. Plaintiff was above the age of 65 at some relevant time.

By June 2014, Plaintiff's loan payments on the mortgage for the Subject Property had increased and become unaffordable based on her fixed income. *Id*. at ¶ 19. Plaintiff contacted Defendant to seek a loan modification. *Id*. at ¶ 20. Defendant's agents advised Plaintiff to default and to remain in default because a loan modification had been approved and was pending. *Id*. at ¶ 25. Plaintiff defaulted on her loan in 2014, and was placed in foreclosure status. *Id*. at ¶ 27. Defendant had told Plaintiff that her loan would not be placed in foreclosure status. *Id*. at ¶ 26.

Between 2014 and 2016, Plaintiff was in contact with at least eight to ten representatives of Defendant, who advised Plaintiff to default on the loan and remain in default over the course of more than a year. *Id*. at ¶¶ 28-29. The representatives provided Plaintiff with their first names only. *Id*. at ¶ 28. From 2014 to 2016, Defendant and its representative told Plaintiff that a modification was imminent and

3

she should not worry, and that Defendant would not foreclose, but the modification never occurred. *Id.* at ¶¶ 32, 35. Defendant mailed multiple loan modification applications and requests for financial documentation to Plaintiff. *Id.* at ¶ 33. Plaintiff provided the requested documentation on at least five occasions between 2014 and 2016, but Defendant's representatives continually told her over the same period that she was missing documents, her file had been lost, that she needed to supplement her loan modification request, and other reasons why her loan had not been modified. *Id.* at ¶¶ 33-34. From 2014 to 2016, Plaintiff made attempts to bring her loan to a "current" status by making payments, but the payments were returned to her, continuing the default and accruing fees and late payment charges. *Id.* at ¶ 36.

In her FAC, Plaintiff appears to have copied the jurisdictional and venue statements from her initial complaint, which was filed in the Superior Court of California for the County of Merced. ECF No. 22 at 3. Defendant removed this case to federal court based on both federal question and diversity jurisdiction. ECF No. 1 at ¶¶ 4-11. No federal question remains in this case, but the Court retains diversity jurisdiction under 28 U.S.C. § 1332, because the named parties are diverse and the amount in controversy exceeds $75,000. ECF No. 1 at ¶¶ 6-11.

## IV. <u>STANDARD OF DECISION</u>

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is

4

entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id.* at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## V. ANALYSIS

The California Legislature enacted the Elder Abuse and Dependent Adult Civil Protection Act ("the Act"), Cal. Welfare & Inst. Code §§ 15600-15675, "to protect elders by providing enhanced remedies which encourage private, civil enforcement of laws against elder abuse and neglect. *Negrete v. Fid. & Guar. Life Ins. Co.*, 444 F. Supp. 2d 998, 1001 (C.D. Cal. 2006). An "elder," for the purposes of the Act, is a person of 65 years of age or older. Cal. Welfare & Inst. Code § 15610.27. Elder abuse includes financial abuse of an elder, which occurs when a person or entity:

5

> (1) Takes, secretes, appropriates, obtains, or retains real or personal
> property of an elder or dependent adult for a wrongful use or with intent to
> defraud, or both.
> (2) Assists in taking, secreting, appropriating, obtaining, or retaining real
> or personal property of an elder or dependent adult for a wrongful use of
> with intent to defraud, or both.
> (3) Takes, secretes, appropriates, obtains, or retains, or assists in taking,
> secreting, appropriating, obtaining, or retaining, real or personal property
> of an elder or dependent adult by undue influence, as defined in Section
> 15610.70.

Cal. Welfare & Inst. Code § 15610.30(a). A taking is "wrongful" if "the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult." Cal. Welfare & Inst. Code § 15610.30(b). "[A] person or entity takes, secretes, appropriates, obtains, or retains real or personal property when an elder or dependent adult is deprived of any property right." Cal. Welfare & Inst. Code § 15610.30(c).

Plaintiff alleges Defendant committed elder financial abuse by breaching its duty not to offer Plaintiff a loan she could not pay, causing Plaintiff to default on her loan by instructing her to stop making payments using the promise of a loan modification, which never materialized, , failing to adhere to covenants in the deed of trust, failing to apply tendered payments to the loan, failing to give Plaintiff 30 days written notice of an adverse action, and intimidating, threatening, and harassing Plaintiff in order to dispossess her of the Subject Property. ECF No. 22 at ¶¶ 9-11, 13, 22, 37. Plaintiff's factual allegations do not state a viable claim for elder financial abuse for the following reasons. Once Plaintiff had defaulted on her loan, Defendant was entitled to retain and return her payments and to foreclose on the Subject Property, subject to the terms of the mortgage. *Sierra-Bay Fed. Land Bank Ass'n v. Superior Ct. of San Joaquin Cnty.*, 227 Cal. App. 3d 318, 334-35 (1991) ("[I]n this state a commercial lender is privileged to pursue its own economic interests and may properly assert its contractual rights."); *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 527-28 (2011) (decision to foreclose without more did not constitute a taking for a wrongful use). The decision not to apply Plaintiff's tendered payments to the loan and return the loan's status to current therefore does not constitute a wrongful taking of

property.

The statute cited by Plaintiff for the proposition that Defendant had an obligation not to offer a loan Plaintiff was unable to repay, 15 U.S.C. § 1639c(a)(1), is a provision of the Dodd-Frank Act, which was enacted on July 21, 2010. Pub. L. No. 111-203, 24 Stat. 1376 (2010). The loan was made in 2004, and Plaintiff has made no argument that this law has retroactive effect. Even if she had, this suit was filed in 2017, placing any claim for elder financial abuse based on the loan's origination well outside of the four-year statute of limitations. Cal. Welfare & Inst. Code § 15657.7.

Plaintiff provides no basis in her FAC for Defendant's alleged duty to provide notice 30 days before taking an adverse action. In her opposition, Plaintiff cites 15 U.S.C. § 1691 as the source of the duty. ECF No. 33 at 4. That code section prohibits discrimination in credit transactions, and has no application to these facts. Plaintiff also alleges no facts to support her statement that Defendant intimidated, threatened, or harassed her.

Finally, Plaintiff's allegation that Defendant purposefully caused her to default on the mortgage sounds in fraud and must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See Shumake v. Caliber Home Loans, Inc.*, Case No. CV16-4296-CAS(AGRx), 2017 WL 1362681, at *9 (C.D. Cal. Jan. 6, 2017) (finding allegation that lender intentionally gave inconsistent information to purposefully cause plaintiff to default on loan sounded in fraud); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action."). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The circumstances of the conduct constituting fraud are stated with particularity when they are sufficiently identified "so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973). A plaintiff alleging fraud must include "the who, what, when, where, and how of the misconduct charged, including what is false or misleading

about a statement, and why it is false." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (internal citations and quotation marks omitted). Allegations of fraud should include, at the minimum, "statements of the time, place and nature of the alleged fraudulent activities." *Wool v. Tandem Computers Inc*, 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds as stated in Flood v. Miller*, 35 Fed App'x 701, 703 n. 3 (9th Cir. 2002).

Despite the Court's specific explanation of the standard in the order dismissing Plaintiff's initial complaint, *see* ECF No. 21 at 19-20, Plaintiff's FAC fails to meet the Rule 9(b) particularity standard. Plaintiff alleges that she spoke with eight to ten different representatives of Wells Fargo on the phone over a period between 2014 and 2016. ECF No. 22 at ¶ 28. A two-year window, with no more details, does not satisfy the Rule 9(b) requirement that the "when" of a fraud claim be alleged with particularity. While frauds occurring over a long period of time may be subject to a less stringent particularity requirement than those resulting from a single transaction, the allegations must nevertheless give the defendant adequate notice of the specific fraudulent conduct alleged. *United States v. Hempfling*, 431 F. Supp. 2d 1069, 1076-77 (E.D. Cal. 2006) (finding allegations that fraudulent conduct occurred over a two-year period met the Rule 9(b) particularity standard where the complaint also alleged specific events and dates on which the conduct occurred). Plaintiff's FAC, which includes no specific dates or instances on which Defendant made allegedly fraudulent statements, and leaves Defendant guessing as to when the complained of conduct occurred, does not meet Rule 9(b)'s requirement that the "when" of fraud be pleaded with particularity.

Plaintiff also states that the representatives gave her "random first names," but does not allege what those names were. Merely failing to specifically identify the Wells Fargo representatives with whom she spoke does not doom Plaintiff's claim. Although Plaintiff has provided some additional facts, the allegations are still insufficient when due to Plaintiff's overall failure to provide facts about when each communication occurred, the number of communications, or the specific content of each communication. *See Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991) (a

8

plaintiff asserting fraud against a corporate employer must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written").

Even if the allegedly fraudulent representations had been pled with sufficient particularity, Plaintiff has not alleged sufficiently that Defendant made any promise with the intent to trick, defraud, or induce her into default or foreclosure. To allege fraud, the complaint must "set forth an explanation as to why the statement or omission complained of was false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superseded by statute on other grounds as stated in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011). While Rule 9(b) permits intent to be averred generally, and a plaintiff need not plead specific facts showing the defendant's state of mind, *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007), the facts alleged must "explain why the statement was false when it was made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001). "The fact that an allegedly fraudulent statement and a later statement are different does not necessarily amount to an explanation as to why the earlier statement was false." *In re GlenFed*, 42 F.3d at 1549. Plaintiff has not alleged any facts tending to show (either directly or circumstantially) that Defendant never intended to evaluate Plaintiff for a loan modification and promised her that the Subject Property would not be foreclosed upon with the <u>intent</u> to deceive Plaintiff. *See Tarmann*, 2 Cal. App. 4th at 159 (holding that a plaintiff bringing a false promise claim "must specifically allege . . . that the promisor did not intend to perform at the time he or she made the promise and that it was intended to deceive or induce the promisee to do or not do a particular thing"). Regarding Defendant's promises to offer a loan modification and not foreclose, Plaintiff's FAC contains only "conclusory allegations of fraud . . . punctuated by a handful of neutral facts." *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Nothing in these facts suggests Defendant's conduct was anything other than negligent.

The Court finds that Plaintiff has failed to allege facts that show Defendant took property from her for a wrongful use or with intent to defraud, and the Plaintiff's FAC fails to state a claim for elder

financial abuse. Pro se litigants are generally entitled to notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff was provided notice about the particularity requirements of Rule 9(b) and responded with additional detail, but still has not alleged her claim with sufficient specificity. Additionally, the Court has now explained that she must plead facts that either directly or indirectly (i.e., circumstantially) suggest Defendant acted with an intent to defraud. Although the Court has serious doubts about whether Plaintiff will be able to plead facts that suggest anything other than negligent content, in an abundance of caution, the Court will provide Plaintiff with one last opportunity to do so as to her elder abuse claim.

## VI. **CONCLUSION AND ORDER**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's FAC is DISMISSED WITH LEAVE TO AMEND. Any amended complaint shall be due within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: **June 29, 2018**            **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES CHIEF DISTRICT JUDGE