# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES ARZAMENDI, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | 1:17-cv-01485-LJO-SKO <br><br> **ORDER STRIKING PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> (ECF No. 46) |

This case concerns *pro se* Plaintiff Delores Arzamendi's case against Defendant Wells Fargo Bank, N.A., for damages and equitable relief. Plaintiff filed her complaint in the Superior Court of California in the County of Merced on October 3, 2017, ECF No. 1 at 9, and Defendant removed the case to this Court on November 2, 2017. *Id*. at 1-2. On March 8, 2018, the Court dismissed Plaintiff's complaint with leave to amend. ECF No. 21. Plaintiff filed a first amended complaint ("FAC") on April 4, 2018. ECF No. 22. The Court dismissed the FAC on June 29, 2018, granting Plaintiff a final opportunity to amend her complaint as to her elder abuse claim within 30 days. ECF No. 37. On August 6, 2018, the Court issued a judgment and order closing this case for failure to prosecute. ECF Nos. 43, 44.

On September 12, 2018, Plaintiff filed a document titled "Response to Motion to Dismiss." ECF No. 46. In the filing, Plaintiff asserts that she has experienced health issues and been hospitalized, and requests that her case be re-opened. *Id*. The Court has reviewed Plaintiff's filing, and construes it as a motion under Federal Rule of Civil Procedure 60(b) for relief from a final judgment. Under this Rule, a

1

court may, on motion, "relieve a party . . . from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The Court will not, however, consider the motion's merits at this time because the filing is not signed in accordance with the Local Rules of the United States District Court for the Eastern District of California. Under the Local Rules, all filings must be signed by the party involved if that party is appearing in propria persona (i.e. *pro se*). Local Rule 131(b). When a document is submitted electronically, the signature page must appear as either a scanned facsimile of the original signed document or as a separate, scanned signature page. *Id*. "'Signature' refers to either a handwritten signature on a paper document or an electronic signature." Local Rule 101. A signature in the form /s/John Doe is **only** accepted on documents filed electronically by an attorney, Local Rule 131(c), or when a party appearing pro se has been authorized to file documents electronically **and** that signature is accompanied by a statement that the original signature has been retained by that party, Local Rule 131(f). The instant motion was not filed electronically, and Plaintiff has not received authorization to file electronically. No handwritten signature appears on the document, and no signature page is attached. Therefore, the motion has not been properly signed, and must be stricken under Federal Rule of Civil Procedure 11(a). Plaintiff's motion is accordingly STRICKEN. Plaintiff may re-file her motion, if she so chooses, with a proper signature and with sufficient information to allow the Court to rule on the substance of the motion.

The Court also notes that filings from a *pro se* party must be signed by that party, that a signature on a document filed with this Court is a representation that document is not being presented for an improper purpose and that any claims or factual contentions are supported by law and evidence, and that filing an untruthful document subjects a party to sanctions under Federal Rule of Civil Procedure 11(c). Unless she retains an attorney, Plaintiff **herself** must sign any subsequent motion. A family member may not sign on her behalf, even under a power of attorney. *See Drake v. Superior Ct.*, 21 Cal. App. 4th

1826, 1831 (1994) (California's Statutory Form Power of Attorney Act does not alter the pre-existing rule that a nonlawyer may not act as an attorney in law on behalf of a principal); *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1151 (1994) (a nonlawyer may not act as an attorney in law for a principal who could appear in propria persona).

If Plaintiff elects to re-file her motion, it should contain sufficiently detailed factual information for the Court to evaluate whether she is entitled to relief under Rule 60(b). The determination of whether neglect is excusable under Rule 60(b)(1) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 508 U.S. 380, 394 (1993). At least four factors are considered in the excusable neglect determination: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395); *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (concluding that the *Pioneer* standard applies to excusable neglect determinations under Rule 60(b)(1)). At the very least, any new motion should contain specific information explaining why Plaintiff did not seek an extension or otherwise notify the Court that she was unable to meet the deadline to file an amended complaint. The motion should also set forth the specific time-period during which Plaintiff was hospitalized or otherwise rendered unable to prosecute her case, and include supporting medical records, which may be filed under seal. Plaintiff is also reminded that she was given leave to amend solely as to her claim for elder financial abuse. *See* ECF No. 37 at 10.

IT IS SO ORDERED.

    Dated: **September 24, 2018**        **/s/ Lawrence J. O'Neill**
                                                       UNITED STATES CHIEF DISTRICT JUDGE