UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DELORES ARZAMENDI,** | 1:17-cv-01485-LJO-SKO |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER GRANTING RELIEF FROM FINAL JUDGMENT** |
| v. | |
| **WELLS FARGO BANK, N.A.,** | (ECF No. 48) |
| **Defendant.** | |

### I. <u>INTRODUCTION</u>

This case concerns pro se Plaintiff Delores Arzamendi's case against Defendant Wells Fargo Bank, N.A., for damages and equitable relief. Plaintiff filed her complaint in the Superior Court of California in the County of Merced on October 3, 2017, ECF No. 1 at 9, and Defendant removed to this Court on November 2, 2017. *Id*. at 1-2. On March 8, 2018, the Court dismissed Plaintiff's complaint with leave to amend. ECF No. 21. Plaintiff filed a first amended complaint ("FAC") on April 4, 2018. ECF No. 22. The Court dismissed the FAC on June 29, 2018, granting Plaintiff a final opportunity to amend only as to her elder abuse claim within 30 days. ECF No. 37. On August 6, 2018, the Court issued a judgment and order closing this case for failure to prosecute. ECF Nos. 43, 44. On September 12, 2018, Plaintiff filed a document titled "Response to Motion to Dismiss," ECF No. 46, which the Court construed as a motion for relief from final judgment under Federal Rule of Civil Procedure ("Rule") 60(b), and struck the motion because it was unsigned. ECF No. 47. Plaintiff filed this renewed motion for relief from judgment on October 24, 2018. ECF No. 48. Defendant has not filed a response.

## II. LEGAL STANDARD AND ANALYSIS

Plaintiff seeks relief from the Court's August 6, 218, entry of judgment in Defendant's favor under Rule 60. Under this Rule, a court may, on motion, "relieve a party . . . from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Excusable neglect "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). Rule 60(b) "is remedial in nature and . . . must be liberally applied." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (expressing the strong preference for resolving cases on the merits). The moving party is however not "absolved from the burden of demonstrating that, in a particular case, the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

The determination of whether neglect is excusable under Rule 60(b) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 508 U.S. 380, 394 (1993). A court should consider at least the following four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395); *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (concluding that the *Pioneer* standard applies to excusable neglect determinations under Rule 60(b)(1)). As the excusable neglect determination is an equitable one, additional factors may be considered at the Court's discretion. *See Pioneer*, 507 U.S. at 395.

Plaintiff explains that health issues prevented her from filing an amended complaint or

requesting an extension. Specifically, Plaintiff asserts that she was hospitalized on several occasions in 2018, including from July 3 to 10, August 13 to 16, September 8 to 10, and October 7 to 9, and was in a transitional care facility from July 10 to 31. ECF No. 48 at 4. The period Plaintiff spent in transitional care is supported by medical records.[1] *Id* at 9. The medical records submitted by Plaintiff do not show the specific dates she was hospitalized in 2018, apart from the transitional care stay in July 2018, but do indicate that Plaintiff had three inpatient and one observational medical visits between July 10, 2018, and October 9, 2018. *Id*. at 10. Plaintiff also states that she was again hospitalized as of October 21, 2018, while drafting the instant motion. *Id*.

Weighing the equitable factors, starting with those specified in *Pioneer*, the Court finds that Plaintiff's neglect was excusable. First, the reason for Plaintiff's delay, i.e. medical issues requiring hospitalization during the period immediately before Plaintiff's amended complaint was due, is compelling and adequately supported by medical records. Illness is often recognized as an acceptable justification for excusable neglect. *See, e.g.*, *Gravatt v. Paul Revere Life Ins. Co.*, 101 F App'x 194, 196 (9th Cir. 2004). Second, the time elapsed between Plaintiff's most recent filing deadline and her initial request for relief from judgment, approximately six weeks, is not excessive, and is unlikely to have an undue impact on further proceedings.[2] Plaintiff acted with reasonable haste to explain her neglect to the Court and to seek relief. Third, Defendant has not offered any reason why it would be prejudiced by granting the relief requested. Fourth, there is no indication that Plaintiff is acting in bad faith.

Finally, the Court also takes into account Plaintiff's status as a pro se litigant. Pro se litigants are not exempt from the duty to meet deadlines and must comply with procedural requirements. *See United*

---

[1] The records provided by Plaintiff list her as an inpatient in a transitional care facility from July 10, 2018 through July 31, 201**7**. ECF No. 48 at 9. The Court presumes this is a typographical error, and that the records should indicate that Plaintiff was in the transitional care facility from July 10 to July 31 of 2018.

[2] Some courts have measured the length of delay from the date of a case's dismissal, *see, e.g.*, *CEP Emery Tech Investors LLC v. JP Morgan Chase Bank, N.A.*, No. C 09-4409 SBA, 2011 WL 1226028, at *1-4 (N.D. Cal. Apr. 1, 2011), while others include the time elapsed since a party missed its deadline, *see, e.g.*, *Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008). Here, the difference in time between the two approaches is minimal, and under either approach the Court would conclude that the delay does not weigh against Plaintiff, particularly considering her ongoing medical problems over that time period.

*States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). The Court recognizes, however, that a pro se plaintiff is less likely than a party represented by counsel to be capable of notifying the Court of an incapacitating illness and seeking an extension. The equitable factors weigh in Plaintiff's favor, and the Court accordingly finds Plaintiff's neglect in failing to file an amended complaint excusable under Rule 60(b).

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Plaintiff's motion for relief from final judgment. The Court's decision and order closing this case, ECF No. 43, and the judgment, ECF No. 44, are VACATED. The Clerk of Court is directed to REOPEN this case. Plaintiff may file a **final** amended complaint. As Plaintiff has already had ample time to consider her amended complaint, the amended complaint is due on or before 20 days from the date of this order. This will be Plaintiff's last opportunity. There will be no further extensions or opportunities to amend.

IT IS SO ORDERED.

Dated: **November 15, 2018**    /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

4